```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN


ROBERTS, CHRISTIAN and FLORENCE  )
HEIRS; HODGE, INEZ HEIRS; JACOB  )
and MARY MAGDELENE HEIRS; JAMES  )
HENRY and JOHANNA HEIRS; MEYERS, )
HERMAN and ARIMENTA HEIRS;       )   Civil No. 18-63
ZYSTEMA, LORENTZINE HEIRS; JOHN  )
VON BEVERHOUT HEIRS; OSBORNE     )
HODGE, IDA SMITH, VERL E.        )
THOMAS, HAROLD A. THOMAS,        )
AMERICA HODGE SMITH, PATRICIA    )
SMITH, MANSUR MUWAKKIL, ADEMOLA  )
OLUGEBEFOLA, and ELEANOR         )
SULLIVAN,                        )
                                 )
            Plaintiffs,          )
                                 )
            v.                   )
                                 )
DAVID BERNHARDT[1], in his       )
official capacity as Secretary   )
of the Interior; U.S. DEPARTMENT )
OF THE INTERIOR; NATIONAL PARK   )
SERVICE                          )
                                 )
            Defendants.          )
                                 )
```

**APPEARANCES:**

**Osborne Hodge**
New York City, NY
　　*Pro Se*,

**Ida Smith**
New York City, NY
　　*Pro Se*,

**America Smith**
New York City, NY
　　*Pro Se*,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the caption of this matter was changed to reflect the substitution of the current United States Secretary of the Interior as a party.

**Patricia Smith**
Bronx, NY
    *Pro Se*,

**Harold A. Thomas, III**
Bronx, NY
    *Pro Se*,

**Verl E. Thomas**
New York City, NY
    *Pro Se*,

**Ademola Olugebefola**
New York City, NY
    *Pro Se*,

**Eleanor R. Sullivan**
Brooklyn, NY
    *Pro Se*,

**Mansur Muwakkil**
Brooklyn, NY
    *Pro Se*,

**Gretchen C.F. Shappert, U.S. Attorney**
**Joycelyn Hewlett, AUSA**
U.S. Attorney's Office
St. Thomas, VI
    *For David Bernhardt, in his official capacity as Secretary of the Interior; the U.S. Department of the Interior; and the National Park Service.*

## **MEMORANDUM OPINION**

**GÓMEZ, J.**

Before the Court is the motion of the United States to dismiss this matter for lack of subject matter jurisdiction and failure to state a claim.

# I. FACTUAL AND PROCEDURAL HISTORY

On July 20, 2018, Osborne Hodge, Ida Smith, America Smith, Patricia Smith, Harold A. Thomas, III, Verl E. Thomas, Ademola Olugebefola, Eleanor R. Sullivan, and Mansur Muwakkil[2] (collectively referred to herein as the "Heirs"), a group of *pro se* landowners, brought this suit against the United States Department of the Interior, the National Park Service, and the Secretary of the United States Department of the Interior (collectively referred to as the "United States"), alleging that the United States has deprived the Heirs of the Heirs' property rights in certain tracts of land located in the United States Virgin Islands. The Heirs allege that the United States unlawfully failed to maintain the land records that would establish the Heirs' entitlement to certain disputed properties. *See* Compl. at 1-7, ECF No. 1. The Heirs bring their claims pursuant to 42 U.S.C. §§ 1981, 1983, and the Quiet Title Act, 28 U.S.C. § 2409a, (the "QTA").

---

[2] Interestingly, the caption of the complaint lists "Roberts, Christian and Florence Heirs; Hodge, Inez Heirs; Jacob and Mary Magdelene Heirs; James Henry and Johanna Heirs; Meyers, Herman and Arimenta Heirs; Zystema, Lorentzine Heirs; [and] John Von Beverhout Heirs" as plaintiffs. It appears from the body of the complaint that this list indicates the relationships between the individual named plaintiffs and their ancestors. *See, e.g.,* Complaint at 10, ECF No. 1 ("Plaintiffs are Osborne Hodge, . . . grandson to . . . Inez O. Mattias Hodge . . . great great grandson to Herman and Arimenta James Meyers, and great great great grandson to Henry and Johanna James . . . .."); *id.* ("Harold A. Thomas, III, Ademola Olugebefola and Verl Thomas are brothers. . . . Their grandparents were Christian Roberts and . . . Lorentzine Zytsema [sic] . . . ..")

On October 22, 2018, the United States filed the instant motion to dismiss. The Heirs did not file an opposition.

## II.   DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject-matter jurisdiction may be challenged by either "a facial attack on the complaint," *Doe v. Goldstein's Deli*, 82 Fed. App'x 773, 775 (3d Cir. 2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), or a factual challenge, which "question[s] the existence of subject matter jurisdiction in fact, apart from the pleadings." *Id.* Regardless of the form of the challenge, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only

establish a prima facie case of . . . jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

**B. Motion to Dismiss for Failure to State a Claim**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) cert. denied, 562 U.S. 1271.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, … 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because

> they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

In its motion to dismiss, the United States argues that the Heirs' claims must be dismissed for failure to comply with the United States's limited waiver of sovereign immunity for actions involving real property pursuant to the Quiet Title Act, 28 U.S.C. § 2409a, (the "QTA"). Furthermore, the United States argues that the Heirs lack standing to bring this action. In addition, the United States argues that the statute of limitations has run on the Heirs' civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983. Lastly, the United States argues that the Heirs have failed to state a claim on which relief can be granted.

In *Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, No. 2011-41, 2016 U.S. Dist. LEXIS 100188, at *5 (D.V.I. Aug. 1, 2016), this Court addressed a similar issue. In that case, Ida Smith brought an action to determine the boundaries and to quiet title to various

properties in St. John, United States Virgin Islands.[3] This Court explained that

> [t]his Court lacks subject-matter jurisdiction to proceed on claims against the United States unless: (1) the United States has waived sovereign immunity, *see Cudjoe ex rel. Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005), and (2) the plaintiff has standing to bring the claims, *see Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).
>
> By enacting the QTA, Congress waived sovereign immunity for certain actions involving real property. *See generally* 28 U.S.C. 2409a. At the same time, Congress required that in an action brought pursuant to the QTA, that "[t]he complaint set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d).

*Smith*, at *4-5.

In that case, Smith alleged that she had a present interest in the "remnant lands" of Estate 14 John's Folly. *Id.* at *5. The Court found that "[b]ecause Smith has failed to identify the remnant land that she alleges is claimed by the United States, she has failed to comply with the QTA's requirement[s]." *Id.* at *5-6.

Here, the Heirs allege that they "are the patent holders of record to Estate Sans Souci and Guinea Gut, Estate 13 Friis also known as Hard Labor, Estate 14 John's Folly parcel 14-a, [14ab,]

---

[3] Some of those properties were the same as those in dispute in this action.

14-I, 14k-6, [and] Estate 16 Mandahl parcel 16C." Compl. at 11, ECF No. 1. The Heirs also allege that "[o]n or about November 2014, The United States claims to own Estate 13 Friis, Estate 14 John's Folly parcel 14AB and Estate 16 Mandal [sic] by means of Herman O. Creque Adjudication held in the District Court of the Virgin Islands as civil number 2014-0095." *Id.*

With respect to Estate Sans Souci and Guinea Gut, the sole allegation by the Heirs is that "Defendant, Secretary of Interior is in violation of article six (6) of Treaty Series No. 629 for the illegal tax sale of Estate Sans Souci and Guinea Gut." *Id.* at 15. Significantly, the Heirs do not allege that the United States owns or claims any interest in Estate Sans Souci and Guinea Gut.

With respect to those properties in which the Heirs allege that they share an interest with the United States, this Court has previously explained that "[t]he QTA also requires that [the plaintiff] 'set forth with particularity . . . the circumstances under which . . . [the right, title, or interest which she claims] was acquired . . ..'" *Smith*, at *6 (quoting 28 U.S.C. § 2409a(d)). This Court proceeded to analyze *McMaster v. United States*, 731 F.3d 881 (9th Cir. 2013).

In that case, the Ninth Circuit, applying the QTA, considered whether the plaintiffs had adequately pled the

circumstances under which they acquired their interest in the property at issue. In that case, Ken McMaster, Maureen E. Galitz, and Steven E. Fawl (collectively, "McMaster") purchased title to a mining claim from Edwin Lynch ("Lynch"), the mining claim's originator. *Id.* at 893-94. McMaster asserted, in relevant part, that he, not the United States, had title to improvements and structures located on the mining claim. *Id.* at 897. The United States filed a motion to dismiss the QTA claim for failure to state a claim. *Id.* at 884-85. The district court granted the motion and dismissed the QTA claim on the basis that McMaster failed to sufficiently allege how he had obtained ownership of the structures. *Id.*

On appeal, the Ninth Circuit affirmed the district court. *See id.* at 898. It reasoned that:

> With regard to the origins of the title to the improvements, McMaster only generally alleges that the structures were constructed incident to mining operations, and specifically alleges that the cabin was built sometime in the early 1890s. Nowhere does McMaster allege whether or how Lynch obtained title, or whether he retained title until he sold the Oro Grande mining claim to McMaster. These particular facts are important because title to the structures may have passed to the Government at some time. When a claim is abandoned or deemed invalid, the title to surface structures passes to the United States. *See Brothers v. United States*, 594 F.2d 740, 741 (9th Cir.1979). Thus, McMaster has failed to plead with particularly sufficient facts showing all of the circumstances under which his title to the structures was acquired, 28 U.S.C. § 2409a(d), and has

>  failed to satisfy his burden under the QTA. See 28 U.S.C.
>  § 2409a(d).

*Id.*

*McMaster v. United States* is similarly instructive here. To plead their claims with sufficient particularity, the Heirs must allege their chain of title. *See id.* Moreover, they must assert when and how they and their predecessors in interest received their interests in the property in dispute. *See id.* Here, the Heirs allege that their title to Estate 14 "John's Folly derives from Danish Ancestors Henry and Johanna James, . . .." Compl. at 4, ECF No. 1. Additionally, they allege that their "title to Estate Friis and Estate Mandahl derives from Danish ancestors Jacob and Mary Magdalene Matthias, . . .." *Id.* The Heirs further allege that they "own Estate 14 John's Folly parcel 14 ab by means of conveyance from their ancestor Letitia Petersen Benjamin to her son Herman Meyers and Christopher Benjamin widower to his sons Theofield and Rudolph Benjamin and it is so documented by the Census of 1917 and other federal records." *Id.* at 7. Significantly, they do not allege their chain of title or when and how they and their predecessors in interest received their interest in the property in dispute.

As such, having considered the allegations in the complaint, the Court concludes that the Heirs have not

adequately identified the circumstances under which they acquired their interest in any land claimed by the United States. Because the Heirs have failed to comply with the QTA, the Court will dismiss the claims against the United States under the QTA.

The Heirs also bring their claims pursuant to 42 U.S.C. §§ 1981, 1983. To state a claim under § 1981, a party must allege facts sufficient to show: "(1) [he] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). The Heirs have alleged no facts regarding any of the required elements to state a claim under 42 U.S.C. § 1981. As such, the Heirs have failed to state a claim under 42 U.S.C. § 1981.

"'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). To satisfy the color of state law requirement, a plaintiff must show that the defendant "used authority derived from the state

in causing the alleged harm." *Id.* (citing *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)); *see West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Here, the Heirs have sued federal actors--the National Park Service, the United States Department of the Interior, and the Secretary of the Interior. The Heirs have alleged no facts tending to show that the United States acted under "authority derived from the state." As such, the Heirs have failed to state a claim under 42 U.S.C. § 1983.

Accordingly, the Court will dismiss the Heirs' complaint against the United States in its entirety.

An appropriate Judgment follows.